,Darryl MORGAN, Plaintiff,

v.

Charles S. LINDSAY, Defendant.

Civ. A. No. 84–2963.

United States District Court, District of Columbia.

Nov. 29, 1984.

---

Darryl Morgan, pro se.

Inez Smith Reid, Corp. Counsel, Metcalfe C. King, Asst. Corp. Counsel, Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

This case is before the Court on the defendant's motion to dismiss, or in the alternative for summary judgment. Plaintiff *pro se* is a prisoner incarcerated in the Maximum Security Facility of Lorton Reformatory. He claims in his complaint that his due process rights have been violated by the defendant in that the plaintiff was confined to punitive segregation for a peri-od beyond that which he was originally assessed, in violation of the D.C. Department of Corrections rules and regulations. For the reasons set forth below, the Court finds this claim to be without merit and grants the defendant's motion to dismiss.

The plaintiff is serving a five to fifteen year sentence for two counts of burglary. His institutional record shows a history of violent behavior while in prison. On April 2, 1984, plaintiff was transferred to the Maximum Security section at Lorton from the Central Facility. This transfer was due to an assault by the plaintiff on a guard, which required fourteen stitches to the guard's mouth. On July 14, 1984, the Disciplinary Board found the plaintiff guilty of assault and inciting a riot. The Board ordered that the plaintiff spend fourteen days in punitive segregation, pursuant to Lorton Regulation § 105.2(c), and thirty days in the adjustment unit. On July 31, 1984, while still in the Control Cells, plaintiff threw human feces, spat on and otherwise assaulted another guard. The Disciplinary Board found him guilty of assault and disrespect and ordered him confined in punitive segregation for fourteen days, again pursuant to the regulations. Finally, on September 18, 1984, plaintiff admitted to possessing contraband, and was again ordered by the Disciplinary Board to spend fourteen days in punitive segregation. Each such confinement was preceded by notice and a hearing.

The test of whether or not a prisoner's due process rights have been violated is set forth clearly in the leading case of *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *Wolff* requires that an inmate facing disciplinary action be given notice of the charges against him, a hearing, the opportunity to present witnesses, and a written statement of the reasons for the decision and the facts relied upon. *Id.* In this case, the plaintiff has admitted in his complaint that he received notice, a hearing, and a written statement as to each charge against him

and the consequences thereof. Further, the Supreme Court has recently held that the "mere fact the [the state] has created a careful procedural structure to regulate the use of administrative segregation" does not create a protected liberty interest. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). There can be no protected liberty interest here, because of the plaintiff's own conduct. He alone chose by his actions to deny himself of such benefits and liberties as are available to an inmate in the general prison population. Thus, it is apparent from the start that plaintiff's claim is without merit. The defendant acted properly and with consideration for the constitutional rights of the plaintiff.

Plaintiff's claim that the Lorton Regulations were violated by the successive fourteen-day periods of punitive segregation is also without merit. The regulation at issue, § 105.2(c), applies to each offense committed. It limits the number of days an inmate may be placed in punitive segregation to fourteen days *per offense.* The regulations make it unmistakably clear that an inmate may not be confined for more than fourteen days for each offense. However, if the inmate, while in punitive segregation, or by the virtue of a separate offense, as is the undisputed situation here, commits another violation he is to be subject to being placed in segregation again for an additional fourteen days. To interpret the regulation otherwise would open up the prison guards to untold abuses and dangers by inmates with nothing to fear once they are already serving a fourteen-day confinement. Thus, plaintiff's claim will be dismissed.

Therefore, it is by the Court this 29th day of November, 1984, hereby

ORDERED that defendant's motion to dismiss is granted, and it is

FURTHER ORDERED that the clerk shall remove this case from the docket of this Court.